I concur with the majority opinion in its judgment and agree, in part, with its analysis. However, I do not completely concur with its analysis of the dissent.
The dissent questions whether the victim-child is capable of belief. I agree that the jury could properly believe her direct testimony, which the lead opinion recounts. She admits that she did not know what the term penetration meant. However, when she is asked about penetration in a question using less Latinate language, she clearly articulates details on which a jury could conclude that penetration occurred.
A major difference between the lead opinion and the dissent is whether the jury instruction on penetration is correct. There is no dispute about the instruction given on vaginal intercourse. Tr. 539-540. The dispute is with the instruction on penetration. That instruction reads as follows:
 Penetration of the external female genitalia known as the vulva or the labia is sufficient penetration to constitute vaginal rape. Penetration of the vagina is not necessary, nor is it necessary that the hymen be ruptured.
The statutory language of R.C. 2907.01(A) requires penetration of the vaginal cavity. However, full penetration is not required; it may be so slight as not to affect the hymen.
The dissent finds the instruction erroneous because the instruction denies penetration of the vaginal cavity is necessary. This analysis rests upon the classification of the labia and vulva as separate from the vagina. The lead opinion follows a series of cases that state that penetration of the labia and vulva is sufficient. In none of the cases cited, however, was there injury only to the labia and vulva. Thus the principle enunciated that penetration of the labia and vulva is sufficient seems overly broad so as to be dicta in those cases.
I agree with the dissent, therefore, that the jury instruction does not comply with the language of the statute or a strict reading of the case law. However, I believe that a jury could properly infer penetration of the vagina from injury to the labia or vulva, but this conclusion would depend upon the facts of each case.
In the case at hand, the victim suffered more than labial abrasions. There is medical testimony of injury to the posterior fourchette. Classified as part of the vulva, the posterior fourchette is a partial edge of the entrance to the vaginal cavity. A reasonable person could conclude that a penis pushed with enough force against the fourchette to injure it would have to enter the vaginal cavity at least by a millimeter. From evidence that the posterior fourchette was injured, therefore, a jury may infer penetration of the vaginal cavity. Such objective evidence viewed in conjunction with the direct testimony of the victim in the case at bar was sufficient to overcome the argument of plain error.
I also note that the victim's testimony provided clear evidence of both anal and oral rape. Moreover, the court gave a jury instruction on anal and oral intercourse, although the instruction on penetration did not mention these forms. An instruction on penetration for oral intercourse, however, is not necessary. Therefore, the jury properly could have found the defendant guilty of oral rape. Thus I concur in judgment with the lead opinion and, in part, with its analysis.